ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of -- | ) |
| | ) |
| Commissioning Solutions Global, LLC | ) ASBCA No. 59007-945 |
| | ) |
| Under Contract No. N55236-13-D-0001 | ) |

APPEARANCE FOR THE PETITIONER:      Mr. Victor Ogunniyi
                                                President

APPEARANCES FOR THE GOVERNMENT:      Ronald J. Borro, Esq.
                                                Navy Chief Trial Attorney
                                                Stephen D. Tobin, Esq.
                                                Taylor Ferrell, Esq.
                                                  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

       Pursuant to 41 U.S.C. § 7103(f)(4) and Board Rule 1(e), Commissioning Solutions Global, LLC (CSG or petitioner) petitions the Board to direct the contracting officer to issue a decision on its alleged non-monetary claim for breach of contract. In response, the government moves to dismiss for lack of jurisdiction on the ground that CSG has not filed a claim under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

       1. The Department of the Navy's (government) Southwest Regional Maintenance Center awarded Contract No. N55236-13-D-0001 (the contract) to CSG on 1 November 2012 for Hydraulic/lube oil system flush services on Navy vessels located within a 50-mile radius of San Diego, California (contract at 1, 221). The contract's period of performance includes a base period of one year from effective date of award plus four one-year option periods (contract at 247). The contract incorporates by reference FAR 52.233-1, DISPUTES (JUL 2002) (contract at 263).

       2. The contract is an Indefinite-Delivery/Indefinite-Quantity type. Work is issued through firm fixed-price delivery orders in accordance with FAR 52.216-18, ORDERING (OCT 1995) and FAR 52.216-19, ORDER LIMITATIONS (OCT 1995), which are incorporated by full text. The contract also incorporates by full text FAR 52.216-22, INDEFINITE QUANTITY (OCT 1995). (Contract at 247, 255-56, 264-65) The contract's

minimum contract guarantee is $3,000 within five years of contract award (contract at 255).

3. By letter to the government dated 28 October 2013, with subject heading "NOTIFICATION OF A BREACH OF CONTRACT OF THE NAVY CIS LUBE OIL FLUSH CONTRACT – N55236-13-D-0001," CSG alleged the government breached the contract by failing to issue any delivery orders to CSG for the entire base year of the contract:

> We noted in your instruc[ti][1]ons that we must be prepared and capable to respond to within four (4) hours of no[tifi]ca[ti]on of any emergent work and whereas we have had no delivery orders for the en[ti]re Base year whilst we noted that you con[ti]nue to assign our type of specialty work / services to the Large Shipyards on all occasions since the contract has been in e[ff]ect, thus denying us the opportunity and availability to perform our specialty work. Hence you are in breach of our contract. As of the date of this cer[tifi]ed mail, our company has drawn your a[tt]en[ti]on to this breach of contract in numerous correspondences with you, but you have failed to respond responsibly to all our inquiries.

The letter concluded with the following statement:

> [U]nless the breach is remedied within 14 days of the date of this le[tt]er, we will have no other alterna[ti]ve than to take necessary ac[ti]on to protect our rights under the Contract and under any applicable laws. All of our rights are therefore reserved under this no[ti]ce.

(CSG pet., attach. A)

4. By email dated 12 November 2013, CSG petitioned the Board, pursuant to Board Rule 1(e), to direct the government to:

---

[1] Petitioner's documents frequently contain words with missing letters. We have added letters in brackets to attempt to understand petitioner's position.

> [P]rovide responsive answers on the various contractual correspondences that the appellant[2] has raised to the Respondent wanting to know the Respondent [sic] intent to enforce and implement the five (5) year Commercial Industrial Services (CIS) [sic] for the Lube Oil Flush [sic] on the Naval Fleet in San Diego and 50 miles radius [sic] or cancel the contract and pay the attending [sic] claims for not implementing a contract that is in effect and in force between both parties (breach of contract).

(CSG pet. at 1) In support of its contention that the government breached the contract, CSG's petition provides the basis for the underlying dispute:

> [F]or the entire base year, the appellant anticipated a work load in the magnitude of $18.6M to be generated between her and the second contractor; but zero work was generated because the respondent has been assigning the work request of the contract to the MSMO[3] contractors....
>
> ...In order to avoid any doubt or controversy as to work existence, the appellant has provided the Respondent with active schedules highlighting the appellant's type of specialty work ready to be performed on new ship availabilities by the large shipyards.

(CSG pet. at 2-3) CSG states that it "has not requested any monetary damages at this time but as a first step for the contract to be remedied immediately" (CSG pet. at 3).

5. Upon receipt of CSG's 12 November 2013 petition, the Board issued a 14 November 2013 Order directing the government to show cause why an order directing the contracting officer to issue a decision should not be issued. The Board also directed CSG to provide support that a claim meeting the requirements of the CDA was submitted.

6. CSG responded on 18 November 2013 with a submission that appears to be, in full, the documents submitted as part of its 12 November 2013 petition. The government

---

[2] Although it refers to itself as "appellant," CSG submitted a petition for a contracting officer's final decision pursuant to 41 U.S.C. § 7103(f)(4) and Board Rule 1(e), rather than an appeal pursuant to 41 U.S.C. § 7103(f)(5) and Board Rule 1(a).

[3] Based on the limited record, MSMO contractors, or alternatively referred to by CSG as large shipyards, perform the same or similar work described in CSG's contract (CSG pet. at 2).

3

filed, by letter dated 2 December 2013, a motion to dismiss the petition for lack of jurisdiction, asserting that CSG has failed to submit a CDA claim, and that the "several attachments comprised of letters and emails expressing concerns with the scarcity of work, administration of the contract, and unrealized financial expectations of CommSolGlobal;...alone or collectively, [do not] constitute a CDA claim" (gov't mot. at 2).

7. On 5 December 2013, CSG responded to the government's motion asserting that CSG "*has requested a decision by the contracting officer which presently involves no monetary amount*." CSG further states that:

> [T]he appellant had submi[tt]ed to the contrac[ti]ng o[ffi]cer a cer[tifi]ed and formal no[tifi]ca[ti]on of breach of contract le[tt]er dated October 28, 2013 (A[tt]achment A) and had requested that unless the breach is remedied within 14 days from the date of the le[tt]er, the appellant will have no alternative than to take necessary ac[ti]on to protect her rights under the contract and under any applicable laws. Therefore, the plead [sic] before the honorable Board has met the no[tifi]ca[ti]on delivery requirement. The plead [sic] itself is not a monetary damages claim but as [fi]rst step start **"a performance remedy requirement"** to the breach of contract.

(CSG resp. at 2) CSG concludes with the following:

> Consequently; it is very obvious that the breaching and viola[ti]on of the mutual agreement (no respect to the other party to the contract) has con[ti]nued to in[fl]ict serious harm and damages to a small business; though the Base year of the contract is completed, similar lax in contrac[ti]ng procedures con[ti]nue to unravel unguarded through Op[ti]onal [sic] Year 1. These issues need to be se[tt]led and resolved through the Board [sic] interven[ti]on. THE RESPONSE ON HOW THE DEFENDANT INTEND [sic] TO RESTITUTE AND OR CANCEL THE CONTRACT IS CRUCIAL TO THE APPELLANT [sic] APPROACH TO DEAL WITH THE FILING OF CLAIM FOR DAMAGES AND BREACH OF CONTRACT. [Bold omitted]

(CSG resp. at 4) The government, in its reply to CSG's 5 December 2013 response, acknowledged receipt of the 28 October 2013 letter but argued it was not a CDA claim

4

because, among other things, it did not provide notice and basis as to what the contractor was seeking (gov't opp'n at 2).

## DECISION

Under the CDA, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(e) implements this section of the CDA, providing that "[i]n lieu of filing a notice of appeal under (b) or (c) of this Rule, the contractor may request the Board to direct the contracting officer to issue a decision in a specified period of time, as determined by the Board, in the event of undue delay on the part of the contracting officer."

For the Board to have jurisdiction under the CDA, a contractor must submit a claim in writing to the contracting officer for a final decision. 41 U.S.C. § 7103. If a contractor does not submit a proper CDA claim, the contracting officer lacks authority to issue a decision. *Gray Personnel, Inc.*, ASBCA No. 54652, 06-2 BCA ¶ 33,378 at 165,474 (citing *Paragon Energy Corp. v. United States*, 645 F.2d 966, 971 (Ct. Cl. 1981)). The CDA does not define the term "claim." However, FAR 2.101 provides the following definition:

> [A] written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

CSG argues that it has filed a non-monetary claim for breach of contract as evidenced by the 28 October 2013 letter (SOF ¶ 7). We disagree with petitioner. We believe that petitioner's request is essentially monetary in nature. Where a claim seeks the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract, the Board has jurisdiction unless the essence of the disagreement is monetary. *Franklin L. Hassell*, ASBCA No. 45242-697, 94-1 BCA ¶ 26,289 at 130,776. We lack jurisdiction of "a money claim clothed as a request for contract interpretation." *International Creative and Training, Ltd.*, ASBCA No. 42833, 93-3 BCA ¶ 26,009 at 129,310. Assuming, *arguendo*, that CSG's 28 October 2013 letter otherwise meets the requirements of the FAR 2.101 definition of a CDA claim, it fails to state a sum certain.

Here, the dispute at issue is a disagreement that in essence is monetary and similar to the facts in *International Creative and Training*. CSG specifically stated that it anticipated a workload in the magnitude of $18.6 million to be generated between CSG

5

and a second contractor for the base period but received no orders (SOF ¶ 4). Also, CSG alleges work falling within the scope of the contract has been assigned to other contractors to CSG's detriment (SOF ¶¶ 3-4). CSG admits the 28 October 2013 letter was a first step to remedy the alleged breach before monetary damages would be sought (SOF ¶¶ 4, 7). Taking into account these statements, CSG was capable of filing a sum certain claim to the contracting officer for the alleged breach of contract but chose not to do so. Accordingly, we lack jurisdiction to order the contracting officer to issue a final decision pursuant to 41 U.S.C. § 7103(f)(4) and Board Rule 1(e).

## CONCLUSION

The government's motion is granted. CSG's petition for an order directing the contracting officer to render a decision pursuant to 41 U.S.C. § 7103(f)(4) and Board Rule 1(e) is dismissed without prejudice to CSG filing a claim in a sum certain in accordance with the CDA.

Dated: 5 February 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

PETER D. TING
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

JACK DELMAN
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59007-945, Petition of Commissioning Solutions Global, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
